# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ROY WOODSON,<br><br>   vs.      Plaintiff,<br><br>M. RAMIREZ, et al.,<br><br>                     Defendant. | CASE NO. 12cv1825-MMA (BGS)<br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br>[Doc. No. 13] |

Plaintiff Thomas Roy Woodson, a state prisoner proceeding *pro se*, filed this action pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff alleges that various correctional officers and prison officials at Calipatria State Prison violated his First, Eighth, and Fourteenth Amendment rights. Defendants move to dismiss Plaintiff's claims for failure to exhaust his administrative remedies prior to filing suit. Defendants also move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a plausible claim. Plaintiff filed an opposition to the motion, to which Defendants replied.[1] *See* Doc. Nos. 19, 22. For the reasons set forth below, the Court finds that Plaintiff failed to properly exhaust his administrative remedies and therefore **GRANTS** Defendants' motion.

---

[1] Plaintiff filed an "Objection" to Defendants' reply brief. *See* Doc. No. 24. It is unclear upon what basis Plaintiff objects to the reply brief. Pursuant to this Court's local rules, a party may file a reply in response to an opposition brief. *See* Civ. L.R. 7.1.e.3. Defendants requested a brief extension of time in which to file a reply, which the Court granted. *See* Doc. Nos. 20, 21. Defendants' reply brief was timely filed. The Court finds no other grounds upon which to sustain Plaintiff's objection.

## PLAINTIFF'S ALLEGATIONS

This action arises out of events occurring at Calipatria State Prison, in Calipatria, California.[2]  On May 18, 2011, Plaintiff was working in the main prison kitchen.  After receiving permission from kitchen custody staff, Plaintiff reported to the "work change" area to be processed so he could pick up a purchase from the canteen.  Defendant Ramirez ordered Plaintiff to remove his clothing as required.  Ramirez harassed Plaintiff verbally.  Plaintiff placed his shirt on the counter for inspection and Ramirez yelled "don't hit me with your shirt" and ordered Plaintiff to return to work.  Plaintiff's supervising officer escorted Plaintiff back to work.

When he returned to work, Plaintiff asked a fellow inmate whether he had trouble with Defendant Ramirez.  The inmate told Plaintiff "yeah, the guy doesn't like blacks and looks for any reason to set them up."  Approximately forty-five minutes after returning to work, Plaintiff was summoned to the program office where Defendant Barra instructed the escorting officer to place Plaintiff in a "strip cage" (a standing room only metal cage).  Plaintiff removed his clothing, and approximately one hour later a medical training assistant arrived to conduct a medical report interview.  Plaintiff reported that he had sustained no injuries.

Plaintiff spent approximately three hours in the strip cage.  He called for someone to let him use the bathroom, but no one responded.  He had to urinate in the cage and stand in the urine for an hour.  Defendant Barra observed this and laughed.  Barra informed Plaintiff that he would be sent to administrative segregation for committing battery on a peace officer.

The following day, Defendant Kuzil-Ryan came to Plaintiff's cell in administrative segregation and conducted an administrative hearing.  Defendant Kuzil-Ryan contacted Defendant Ramirez via telephone to inquire whether he

---

[2] All facts are taken from Plaintiff's complaint.  Because this matter comes before the Court on a motion to dismiss, the Court must accept as true all material allegations in the complaint and must also construe the complaint, and all reasonable inferences drawn therefrom, in the light most favorable to Plaintiff.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

intended to dismiss the charges against Plaintiff.  Defendant Ramirez refused to dismiss the charges.  Approximately ten days later, an Inmate Classification Committee meeting took place regarding Plaintiff's placement in administrative segregation.  Plaintiff was not allowed to participate in the meeting.

During his placement in administrative segregation, Plaintiff was denied supplies, never received a blanket, and had to use a torn towel.  He was denied his religious meat alternative diet, as well as regular showers.  He had to clean himself using the cell sink without hot water.  Plaintiff spent thirty days in administrative segregation prior to the adjudication of the charges against him.  A disciplinary hearing was held on June 19, 2011.  Defendant Sigler determined that Plaintiff was not guilty of the charges.  Plaintiff remained in administrative segregation for an additional twenty-six days after being found not guilty.

As a result of his time in administrative segregation, Plaintiff suffered weight loss, emotional trauma, and other deprivations and punishments.  Plaintiff requested assistance from various supervisors, such as Defendants Builteman and McEwen, and was ignored.  Plaintiff requested assistance from Defendant Cebreros, a counselor, and received none.

Plaintiff alleges that he exhausted all forms of administrative relief prior to filing suit.  According to Plaintiff, his grievance was partially granted at the second level of review.  He subsequently appealed to the third level of review, but the appeal was rejected.

## **LEGAL STANDARD**

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  A motion challenging a prisoner's failure to exhaust administrative remedies is properly brought as an unenumerated 12(b) motion.

*Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Pursuant to Ninth Circuit law, in deciding a motion to dismiss for failure to exhaust administrative remedies, "the court may look beyond the pleadings and decide disputed issues of fact. If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Wyatt*, 315 F.3d at 1119 (internal citations omitted).

The burden is on the defendant to prove plaintiff failed to exhaust available administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). The defendant's burden of establishing an inmate's failure to exhaust administrative remedies, however, has been characterized by the Ninth Circuit as "very low." *Albino v. Baca*, 697 F.3d 1023, 1031 (9th Cir. 2012). And because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). Thus, a defendant need only show the existence of a grievance procedure the plaintiff did not use. *Albino*, 697 F.3d at 1031, citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996) and *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005). Once the defendant has met his burden of showing that the plaintiff did not utilize administrative remedies, the burden shifts to the plaintiff "to demonstrate that the grievance procedure was unavailable." *Albino*, 697 F.3d at 1032.

A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. *Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005). In California, most inmate appeals progress through three levels of review.[3] *See* Cal. Code Regs. tit. 15, § 3084.7. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation and exhausts a prisoner's

---

[3] The applicable regulations were changed in December 2011. Prior to these changes, most inmate appeals also had to proceed through an initial "informal" level of review. That requirement has been eliminated. *See* Cal. Code Regs., tit.15, §§3084.2(c), 3084.7(a).

administrative remedies. *See id*. § 3084.7(d)(3).  Unless exempted, all appeals must initially be submitted at the first level and screened by the inmate appeals coordinator. *See id*. § 3084.7(a).  The second level of review is for review of appeals denied or not otherwise resolved to the appellant's satisfaction at the first level. *See id.* § 3084.7(b).  The third level of review is generally for review of appeals not resolved at the second level. *See id*. § 3084.7(c).

### DISCUSSION

Defendants argue that Plaintiff failed to exhaust his administrative remedies prior to bringing this civil action as required.  Defendants submit the declarations of P. Nava, Appeals Coordinator at Calipatria, and J.D. Lozano, Chief of the Office of Appeals, in support.  According to Nava, records reflect that Plaintiff filed one inmate appeal [Log. No. CAL-A-11-0809] involving allegations that Defendants Ramirez, Barra, and Sigler violated his constitutional rights in connection with the May 18, 2011 incident and Plaintiff's subsequent placement in administrative segregation. *Nava Decl'n* ¶ 8.  Nava further avers that the appeal bypassed the First Level of Review and was granted in part at the Second Level of review on September 8, 2011; Plaintiff submitted the appeal to the third and final level review, but the appeal was rejected at the Director's Level of Review on October 17, 2011 for failure to attach supporting documents. *Id*.  The appeal failed to complete the third level review to satisfy the requirements of exhausting administrative remedies. *Id*.  Nava states that there is no record of Plaintiff filing any inmate appeals containing allegations against Defendants Builteman, McEwen, Kuzil-Ryan, or Cebreros. *Id*. ¶ 9.

The Lozano Declaration confirms that Plaintiff did not exhaust his administrative remedies at the third and final level of review.  According to Lozano, records demonstrate that his office received and rejected Inmate Appeal Log No. CAL-A-11-0809 for failure to attach supporting documents. *Lozano Decl'n* ¶ 8.  Plaintiff's appeal was rejected and returned to him because he did not submit a copy

of the CDC-837 (Crime/Incident Report Parts A, B, & C) with his grievance. *Pl. Oppn.*, Ex. B. Plaintiff did not resubmit the appeal after being notified of its deficiency. *Id.* Lozano also confirms that his office did not receive any appeals from Plaintiff involving allegations against Defendants Builteman, McEwen, Kuzil-Ryan, or Cebreros. *Id.* ¶ 9.

Plaintiff maintains that he exhausted his administrative remedies. Plaintiff acknowledges the rejection of his appeal at the third and final level of review, but argues that the request for additional documentation confused him since he had provided all documents at the second level of review. Plaintiff opines that the rejection at the final level was "trivial," based on a "spurious technicality, a stalwarting of sorts." *Pl. Oppn.* at 4. Regardless, in order to obtain review at the final level and exhaust his administrative remedies, Plaintiff was required to resubmit his appeal with the requested documentation. He failed to do so. And while he may find the requirement tedious or unnecessary, the rejection of Plaintiff's appeal on the grounds that he failed to submit supporting documentation is authorized by the regulations governing inmate grievances in California. *See* Cal. Code Regs. tit. 15, § 3084(h) ("Supporting documents means documents that are needed to substantiate allegations made in the appeal including . . . incident reports . . . ."). Other courts in California have found no exhaustion in similar cases where the prisoner's appeal was rejected on this basis. *See, e.g., Williams v. Haviland*, 2010 U.S. Dist. LEXIS 132745 (E.D. Cal. Dec. 14, 2010); *Williams v. McGrath*, 2007 U.S. Dist. LEXIS 79056 (N.D. Cal. Oct. 12, 2007). *See also Preston v. Hand*, No. C 06-5175 RMW (PR), 2009 U.S. Dist. LEXIS 26613 (N.D. Cal. Mar. 18, 2009) (prisoner failed to exhaust administrative remedies when he failed to properly re-submit his inmate appeal after prison officials screened out the appeal for failure to provide supporting documents of his claims).

In response to Lozano and Nava's testimony that he failed to file any inmate appeals naming Defendants Builteman, McEwen, Kuzil-Ryan, and Cebreros,

1 Plaintiff argues that he submitted multiple CDC Form 22s ("Inmate/Parolee Request
2 for Interview, Item or Service"), and attaches the completed forms as Exhibits A and
3 D in support of his opposition. Plaintiff asserts that the interview requests put
4 Defendants Builteman, Kuzil-Ryan, McEwen, and Cebreros on notice of his
5 allegations. This may be so, but the applicable regulations clearly state that "[a]n
6 inmate or parolee's documented use of a Request for Interview, Item or Service form
7 does not constitute exhaustion of administrative remedies as defined in subsection
8 3084.1(b)." Cal. Code Regs. tit. 15, § 3086(i).

9     Plaintiff also contends that his inmate appeal provided a detailed description
10 of the May 2011 events, which should have put all of the defendants named in this
11 suit on notice of his allegations. Plaintiff cites the Ninth Circuit's holding in *Griffin
12 v. Arpaio* in support. *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) ("A
13 grievance also need not contain every fact necessary to prove each element of an
14 eventual legal claim."). Even if the Court agreed with Plaintiff on this point, he did
15 not exhaust the appeal.

16     Finally, Plaintiff claims that he filed several additional appeals regarding the
17 conditions in administrative segregation, but the appeals were either lost or ignored
18 by prison officials. Plaintiff fails to mention any such appeals in his verified
19 complaint and alleges exhaustion of his claims, referencing his July 20, 2011 appeal,
20 the only appeal on record concerning the events of May 18, 2011 and thereafter.
21 Plaintiff also attaches copies of a health care appeal he submitted in June 2011,
22 however that appeal involves a request for physical therapy for an injury sustained in
23 2006, names none of the defendants in this action, and is otherwise unrelated to the
24 disputed events. *Pl. Oppn.*, Ex. E. Moreover, the record reflects that the health care
25 appeal was processed – not lost or ignored – and partially granted.

26     In sum, Plaintiff concedes the nonexhaustion of the inmate appeal he filed in
27 connection to his allegations in his complaint. This is a valid ground for dismissal
28 of an action. *Wyatt*, 315 F.3d at 1120. In addition, Defendants have met their

burden of proving the affirmative defense of failure to exhaust administrative remedies.  *See Jones*, 549 U.S. at 216; *Wyatt*, 315 F.3d at 1117-19.

### CONCLUSION

For the reasons set forth above, the Court concludes that Plaintiff did not exhaust his administrative remedies.  Accordingly, the Court **GRANTS** Defendants' motion and **DISMISSES** this action without prejudice.  The Clerk of Court is instructed to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

DATED:  March 28, 2013

Hon. Michael M. Anello
United States District Judge